**Gent GJERGJI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3888–ag.

United States Court of Appeals, Second Circuit.

July 31, 2006.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, NC, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Gent Gjergji, a native and citizen of Albania, petitions for review the BIA's af-

firmance of Immigration Judge ("IJ") Theresa Holmes–Simmons's denial of his claims of asylum and the withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the agency would adhere to the decision were the case remanded).

In this case, the IJ found Gjergji's testimony about his Democratic Party membership incredible and implausible because, given his claimed position of Chairman of the Youth Forum, among other things: (1) Gjergji could not testify clearly about the party's leadership; (2) Gjergji was unable to give specific details about a well-known protest in Lushnja, where elections fraud reportedly occurred in 2001; and (3) Gjergji's testimony about the beating he received at the hands of the police was implausible, as he never clearly explained how the police were able to identify him as a Democratic Party member. These are "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74.

Gjergji's sparse and implausible testimony might have been rehabilitated with corroborating evidence; however, Gjergji failed to submit such evidence. The IJ's finding, that Gjergji's testimony did not support his claim of being a high ranking member of the Youth Forum, is supported by substantial evidence.

A petitioner must raise issues to the agency in order to preserve them for judicial review. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). In his appeal to the BIA, Gjergji failed to meaningfully challenge the IJ's denial of his withholding of removal and CAT claims; therefore, this Court lacks the jurisdiction to review those claims.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).